UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSE MARIA VIERA, <br> a/k/a Jose Maria Sanchez, <br> a/k/a Jose Sanchez, <br> a/k/a Jose Maria Viera Sanchez, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN DARIN YOUNG, SDSP HEALTH SERVICES ADMINISTRATION STAFF WORKERS, <br><br> Defendants. | 4:16-CV-04146-KES <br><br><br> REPORT AND RECOMMENDATION <br><br> DEFENDANTS' MOTION TO DISMISS [DOCKET 12] |

## INTRODUCTION

Plaintiff, Jose Marie Viera is an inmate at the South Dakota State Penitentiary ("SDSP") in Sioux Falls, South Dakota.  Mr. Viera filed a lawsuit pursuant to 42 U.S.C. § 1983, alleging the defendants have violated his civil rights by denying him food and medical care for his diabetes.  Docket No. 1.  Mr. Viera is a frequent litigant and uses various names as listed in the case caption.  Mr. Viera has been barred from filing any further actions without prepayment of the required filing fee because he has "three-strikes" pursuant to 28 U.S.C. § 1915(g).  Mr. Viera was granted *in forma pauperis* status, however, because the district court found Mr. Viera sufficiently alleged imminent danger.  Service was ordered on November 4, 2016.  Docket No. 4.

**JURISDICTION**

The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the March 30, 2017, order of the Honorable Karen E. Schreier, district judge.

**BACKGROUND**

In his complaint, Mr. Viera alleges prison staff took his night sack lunch and his morning milk and graham crackers which caused him to get dizzy at night and impacted the treatment for his diabetes. Mr. Viera alleges he doesn't get enough food which could possibly result in him suffering a heart attack, stroke, diabetic coma or death. In the "request for relief" section of the complaint, Mr. Viera asks the court to order prison officials to give back his night diabetic sack lunch, morning diabetic snacks and provide enough food in his meals so he doesn't get dizzy.

Mr. Viera attached and incorporated into his complaint copies of his informal resolution requests dated May 25, 2016; August 15, 2016; September 9, 2016; and September 30, 2016. He also attached copies of the responses to the informal resolution requests regarding the August 15, 2016, informal resolution request and the September 9, 2016, informal resolution requests.[1] On the face of his complaint, Mr. Viera admitted that though administrative remedies are available at the SDSP, he did not appeal his request for relief to the highest level of those administrative remedies. See Docket 1, p. 4. In other words, he did not exhaust his administrative remedies. In the space provided

---

[1] As noted by the defendants, Mr. Viera attached duplicate copies of many of these documents.

2

for Mr. Viera to explain why he did not exhaust his administrative remedies, Mr. Viera repeated the same or similar explanation for each of his three claims: "I filling informal resolution request 14th amendment violate right of medical helping."  Citing Mr. Viera's failure to exhaust, the defendants have moved to dismiss Mr. Viera's complaint.  In support of their motion, they have offered the affidavit of Melissa Maturan.  Ms. Maturan is the administrative remedy coordinator at the SDSP.

## DISCUSSION

**A.   Standard For Ruling On Motions Pursuant To F**ED**. R. C**IV**. P. 12(b)(6)**

The defendants' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the plaintiff has failed to state a claim upon which relief can be granted.  The United States Supreme Court addressed the standard that district courts are to apply to Rule 12(b)(6) motions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The law predating Twombly and Iqbal held that under Rule 12(b)(6), the court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  However, Conley's "no set of facts" language was overruled in Twombly.  Twombly, 550 U.S. at 563.  Instead, the Court adopted a standard by which plaintiffs must plead "enough facts to state a claim to relief that is *plausible* on its face."  Id. at 570 (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)).  A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a plaintiff must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action.  Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  The Court also imposed a "plausibility standard," holding that a claim "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim.  Id. at 556.  The plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief.  Id.

There are two "working principles" from Twombly and Iqbal.  Iqbal, 556 U.S. at 678.  First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint.  Id. (citing Papasan, 478 U.S. at 286).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir.

4

2007)).  Where the plaintiff's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2).  <u>Iqbal</u>, 556 U.S. at 679.

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth.  <u>Id.</u> at 679-680.  Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief.  <u>Id.</u> at 679; <u>Twombly</u>, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  <u>Iqbal</u>, 556 U.S. at 679.  It is through the lens of <u>Twombly</u> and <u>Iqbal</u> that the court examines the defendants' motion to dismiss.

**B.    Consideration Of Information Outside The Complaint On A 12(b)(6) Motion**

As explained above, Mr. Viera attached to his complaint copies of four informal resolution requests but responses to only two of those informal resolution requests.  He did not attach copies of <u>any</u> administrative remedy requests or appeals therefrom, and he conceded on the face of his complaint that he did not exhaust his administrative remedies.  In support of their motion to dismiss, the defendants verified Mr. Viera's concession with Ms. Maturan's affidavit.

5

> Generally, the court "must ignore materials outside the pleadings, but it may consider . . . materials that are 'necessarily embraced by the pleadings.' " Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (quoting Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997)). The purpose of this rule "is to prevent a plaintiff from avoiding an otherwise proper motion to dismiss by failing to attach to the complaint documents upon which it relies." Young v. Principal Fin. Grp., Inc., 547 F. Supp.2d 965, 973-74 (S.D. Iowa 2008).

Vahid v. Farmers Ins. Exchange, 985 F. Supp.2d 1002, 1007 (S.D. Iowa 2013). In Vahid, the court considered the contract between the parties in addition to the pleadings in order to decide the motion to dismiss. Id.

In Porous, the dispute between the parties was a malicious prosecution claim regarding a prior lawsuit. Porous, 186 F.3d at 1078. In that case, the court properly relied on the transcript of the prior proceeding to determine a 12(b)(6) motion to dismiss. Id. at 1079. The court noted that though a court must usually ignore materials outside the pleadings on a motion to dismiss, "it may consider 'some materials that are part of the public record or do not contradict the complaint.' " Id. (citing Missouri ex. rel. Nixon v. Cour D'Alene Tribe, 164 F. 3d 1102, 1107 (8th Cir. 1999)). See also, Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (court properly considered state court decisions on a motion to dismiss § 1983 lawsuit against the city because state court decisions were part of the public record).

The Eighth Circuit recently had the opportunity to explain the meaning of "documents embraced by the complaint" in the context of a motion to dismiss. In Zean v. Fairview Health Services, 2017 WL 2295778 (8th Cir., May 26, 2017), the court discussed the affidavit of one of the defendant's employees,

6

with two exhibits attached. Id. at *2. The exhibits were business records of the defendant, pertaining to the plaintiff's claim. Id. The district court, in the course of deciding the defendant's motion to dismiss, considered the defendant-employee's affidavit along with the attachments. Id.

On appeal, the Eighth Circuit deemed consideration of the affidavit and attachments appropriate. Id. The court explained that though matters outside the pleadings ordinarily should not be considered on a motion to dismiss, documents "necessarily embraced" by the complaint are not matters outside the pleadings. Id. at *4. The court explained the documents attached to the employee's affidavit were embraced by the complaint because their content was alleged in the complaint, and though the plaintiff did not physically attach them to his complaint, he did not question their authenticity. Id.

In Zean, the documents attached to the defendant-employee's affidavit were contrary to the allegations in the plaintiff's complaint. Id. But the Eighth Circuit noted the factual allegations in the plaintiff's complaint were conclusory, and courts are not bound to accept as true legal conclusions that are couched as factual allegations. Id. Additionally, the plaintiff did not dispute the authenticity of the documents in the context of the defendant's 12(b)(6) motion. Id. In that circumstance, therefore, the exhibits attached to the employee's affidavit were embraced by the pleadings and were properly considered by the district court in granting the 12(b)(6) motion. Id.

Similarly, in this case, Mr. Viera attached copies of four of his informal resolution requests to his complaint, along with responses to two of the

7

requests.  He conceded explicitly he had not completed the administrative remedy process as to Count I and implicitly conceded his failure to exhaust as to Counts II and III.

In the affidavit submitted in support of the defendants' 12(b)(6) motion, Ms. Maturan (one of the defendant's employees) discusses the documents that are "embraced by the complaint." Zean, Id. at * 4.  More specifically, Ms. Maturan's affidavit specifically discusses and clarifies the documents Mr. Viera attached to his complaint, by explaining he did not exhaust his remedies to the final step.

Furthermore, Ms. Maturan explains, for two of the informal resolution requests attached to his complaint, he never submitted them to prison administration at all.  See Docket 14, ¶ 9.  On the face of his complaint, Mr. Viera explicitly admitted he did not exhaust as to Count I (see Docket 1, p. 4) and he left the specific question on the form blank as to Counts II and III, but as to those counts he conceded he only completed the informal resolution portion of the three-step grievance process.  Id. at p. 5 & 6.  Ms. Maturan's affidavit therefore concerns matters that are embraced by the complaint, and it does not contradict that document.  Further, Mr. Viera has not asserted any dispute with the affidavit.  Greenman, 787 F.3d at 887.  This court, therefore, has considered Ms. Matura's affidavit.

C. **Mr. Viera's Complaint Must Be Dismissed In Its Entirety For Failure To Exhaust His Administrative Remedies**

Mr. Viera indicates in his complaint that an administrative remedy procedure is available at SDSP, and he that he pursued incomplete

8

administrative relief.  See Docket 1, p. 4-6.  As explained above, Mr. Viera has also attached copies of four of his informal resolution requests and the responses to two of those requests.  He did not attach copies of any administrative remedy requests or responses, or any appeals of administrative remedy request responses.  Defendants have supplied the affidavit of Melissa Maturan which confirms Mr. Viera's admission that Mr. Viera did not exhaust his administrative remedies for any of the claims he makes in his complaint.

      The Prison Litigation Reform Act ("PRLA") requires a prisoner to exhaust his administrative remedies.  Specifically, 42 U.S.C. § 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The prisoner must exhaust his administrative remedies even if the precise relief he seeks in his § 1983 lawsuit is not available through the prison grievance system.  Booth v. Churner, 532 U.S. 731, 739 (2001).  Also, although § 1997e(a) refers to "prison conditions," the United States Supreme Court has stated "the PRLA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516 (2002)(emphasis added).  " . . [A] remedy that prison officials prevent a prisoner from utilizing is not an available remedy under § 1997e(a) . . . " Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(internal punctuation and citations omitted).  An inmate's subjective belief or prediction that he will not be successful does not render his administrative remedies

unavailable and does not relieve him from his obligation to exhaust. Lyon v. Vande Krol, 305 F.3d 806, 809-10 (8th Cir. 2002).

The United States Supreme Court has explained that "failure to exhaust is an affirmative defense under the PRLA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). The Jones Court indicated a prisoner complaint may nevertheless be dismissed on screening if it is clear from the face of the complaint that the prisoner has not complied with 42 U.S.C. § 1997e.[2] Jones, 549 U.S. at 216. After Jones, the Eighth Circuit has acknowledged the propriety of dismissal on screening for failure to exhaust. See Houston v. Norris, 220 Fed. Appx. 442 (8th Cir. 2007) (unpublished) (affirming dismissal on screening for failure to exhaust and citing Jones). See also Thornton v. Clemons, 2009 WL 236058 (W.D. Okla. Jan. 30, 2009) at *3, n.3 (noting Jones does not preclude dismissal on screening when it is obvious from the face of the complaint that the prisoner has failed to exhaust, citing cases). In Mr. Viera's case, it is obvious from the face of the pleadings that Mr. Viera's case must be dismissed for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**CONCLUSION and RECOMMENDATION**

For the reasons more fully explained above, it is RECOMMENDED to the district court that defendants' motion to dismiss (Docket 12) be GRANTED and

---

[2] The standard for screening under 28 U.S.C. § 1915(e) is the same standard as is used to determine whether a complaint satisfies the standards of FED. R. CIV. P. 12(b)(6). Jones, 549 U.S. at 215; Kane v. Lancaster County Dept. of Corrections, 960 F. Supp. 219 (D. Neb. 1997).

Mr. Viera's complaint (Docket 1) be DISMISSED without prejudice for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).  It is further RECOMMENDED that Mr. Viera's motion for counsel and recusal (Docket 6) be DENIED AS MOOT and that the SDSP Health Services Administration Staff Workers' motion for joinder (Docket 21) be GRANTED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 28th day of June, 2017.

BY THE COURT:

*Veronica L. Duffy* (signature)
VERONICA L. DUFFY
United States Magistrate Judge